**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

THOMAS "TJ" D. MOORE                                                                                    PETITIONER

VS.                              CASE NO. 4:97CR00112 JMM

UNITED STATES OF AMERICA                                                                                RESPONDENT

**ORDER**

Pending before the Court is petitioner's *pro se* 28 U.S.C. § 2255 petition seeking to set aside his sentence based upon a guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). For the reasons stated below, the petition is denied (#29).

Petitioner entered his guilty plea on October 27, 1997 and was sentenced on January 29, 1998, to 188 months imprisonment, participation in nonresidential substance abuse treatment, educational and vocational programs during incarceration, 3 years of supervised release and a special assessment of $50.00.

In January of 2008, petitioner filed his § 2255 petition contending that he had ineffective assistance of counsel because his counsel (1) allowed him to plead guilty to being a armed career criminal when there had been no notice of prior conviction pursuant to 28 U.S.C. § 851; (2) did not object to petitioner being sentenced as an armed career criminal based upon 3 separate juvenile charges which were actually only one conviction because it was a Rule 20 consolidation sentence; and (3) did not provide him with requested information regarding the criteria of an appeal. Because petitioner contends that he only had one conviction, he argues that he is actually innocent of being an armed career offender and seeks a hearing on all his claims.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a § 2255 petition must be filed within one year of "the date on which the judgment of conviction becomes final." See 28 U.S.C. § 2255. Under certain circumstances, which are not present in this case, equitable tolling will allow an untimely § 2255 petition. *See Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003) (unrepresented prisoner's lack of legal knowledge does not support equitable tolling); *Jihad v. Hvass*, 267 F.3d 803, 805-06 (8th Cir. 2001) (equitable tolling affords otherwise time-barred petitioner exceedingly narrow window of relief; equitable tolling is proper only when extraordinary circumstances beyond prisoner's control make it impossible to file petition on time).

Because almost 10 years passed before petitioner filed his § 2255 petition and because equitable tolling does not apply to his case, his petition is untimely and is dismissed as such.

Even if the petition had been timely filed, the Court would find that it is without merit. Petitioner was sentenced pursuant to U.S.S.G § 4B1.4 based upon three convictions resulting from his being tried as an adult, and being found guilty of discharging a hand gun from a vehicle on November 2, 3, and 4, 1993. Although the offenses for which he was found guilty occurred on different occasions, they were consolidated for sentencing purposes.

In this case, petitioner plead guilty to being a felon in possession of a firearm in violation of § 922(g). The maximum sentence for violation of § 922(g) is 10 years imprisonment. *See* 18 U.S.C. § 924(a)(2). But a defendant who violates § 922(g) and who has been convicted previously of three or more offenses which are drug trafficking crimes or crimes of violence faces a mandatory minimum 180-month sentence and maximum life sentence as an armed career offender. *See* 18 U.S.C. § 924(e).

§ 4B1.4 of the guidelines effectively incorporates by reference the definition of "violent felony" from § 924(e)(2)(B) and provides for a higher offense level for armed career offenders.

At petitioner's change of plea hearing, he was told that he would be subject to the enhanced sentence under § 924(e) based upon three previous convictions for crimes of violence and his counsel was given an opportunity to dispute the convictions, which he did. The government conceded that petitioner was contesting the convictions and stated that those issues were related to sentencing issues and that they would not be an element of proof at trial. Petitioner went forward with his guilty plea.

At petitioner's sentencing hearing he was presented with copies of the convictions which were entered into evidence without objection. Petitioner was sentenced under the guidelines by application of U.S.S.G. § 4B1.4 which included by reference to § 924(e).

There was no error in plaintiff's sentence because classification as a armed career offender under 18 U.S.C. § 924, which dictates a higher range under § 4B1.4 of the guidelines, does not require separate prosecutions. It only requires that the offenses occur at different times. *See United States v. Gibson*, 928 F.2d 250 (8th Cir. 1991) (431 F.3d 332, (8th Cir. 2005). The record is clear that petitioner was convicted as an adult on three separate charges even though they were consolidated for sentencing. Moreover, because petitioner was sentenced under the guidelines, there was no requirement of § 851 notice as this section does not apply to sentences imposed under the guidelines. S*ee United States v. Wallace*, 895 F.2d 487, 490 (8th Cir 1990).

Even if petitioner could prove actual innocence on this claim, he has failed to allege or present any evidence that he was actually innocent of the more serious drug charges the government dismissed in exchange for his guilty plea. *See Abdullah v. Hedrick,* 392 F.3d 957,

959 n.2 (8th Cir. 2004) (*habeas* petitioner who pleaded guilty to challenged firearm charge had to prove not only his actual innocence of firearm charge but also of more serious charges that government dismissed in exchange for his guilty plea.).

"[C]ounsel's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for purposes of section 2255 ." *Estes v. United States*, 883 F.2d 645, 648 (8th Cir. 1989). However, petitioner does not allege that his counsel failed to file a requested appeal, he only contends that his counsel did not provide information regarding the criteria of an appeal.

"Where petitioner's allegations, if true, amount to ineffective assistance of counsel, a hearing must be held unless the record affirmatively refutes the factual assertions upon which [the claim] is based." *Watson v. United States*, 493 F.3d 960, 964 (8th Cir. 2007) (citations omitted). Here, the motion, files, and record conclusively show that petitioner allegations do not amount to ineffective assistance of counsel and petitioner is not entitled to relief on any of his claims.

Based upon the above, the Court would find that petitioner did not receive ineffective assistance of counsel because the arguments petitioner contends his counsel should have raised are without merit. *See Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (*per curiam*) (counsel not ineffective for failing to raise meritless challenge).

IT IS SO ORDERED THIS  10   day of    March   , 2008.

_____
James M. Moody
United States District Judge